UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

UNITED STATES OF AMERICA             *     CRIMINAL NO.  10-0228-04


VERSUS                               *     JUDGE ROBERT G. JAMES


DAVID S. CYRUS, JR.                  *     MAG. JUDGE KAREN L. HAYES
a/k/a "Big Baby"


## MEMORANDUM ORDER

Before the undersigned Magistrate Judge, on reference from the District Court, is a

"Motion for Temporary Supervised Release Prior to Sentencing" [doc. # 200] filed by defendant,

David S. Cyrus, Jr.  The government opposes the motion.  [doc. # 204].  For reasons assigned

below, the motion is DENIED.

## Background

On July 29, 2010, a federal grand jury returned a two count indictment against Cyrus and

a co-defendant for their knowing and intentional conspiracy to possess with intent to distribute a

substance containing a detectable amount of cocaine in violation of 21 U.S.C. §§ 841(a)(1), 846,

and 18 U.S.C. § 2.  Accordingly, the court issued a warrant for Cyrus's arrest.  [doc. # 13].  On

August 4, 2010, the U.S. Marshal Service executed the arrest warrant, and brought Cyrus before

the court.  [doc. #s 16, 77].  At his initial appearance, the undersigned ordered Cyrus temporarily

detained pending a detention hearing.  [doc. # 16].  On August 12, 2010, Cyrus pleaded not guilty

to the charges and waived his right to a detention hearing.  (Minutes of Detention Hearing and

Arraignment [doc. # 21]).

On August 25, 2010, the federal grand jury returned an eleven count superceding

indictment against Cyrus and 12 co-defendants.  [doc. # 23].  The superceding indictment

alleged, *inter alia*, that Cyrus and his co-defendants knowingly and intentionally conspired to

distribute and to possess with intent to distribute "50 grams and more" of a substance containing

a detectable amount of cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 846.  *Id*.  Cyrus again

pleaded not guilty to all charges.  [doc. # 78].

Nevertheless, on October 19, 2010, Cyrus accepted a plea agreement with the

government, and entered a plea of guilty to Count 5 of the superceding indictment, which

imposes a maximum term of imprisonment not more than 20 years, a fine not more than

$1,000,000, or both, pursuant to 21 U.S.C. § 841(b)(1)(C).  *See* Minutes of Change of Plea [doc.

# 130] and Plea Agreement [doc. # 134].  The undersigned ordered Cyrus's continued detention.

[doc. # 130].

On November 10, 2010, the District Court formally adjudged Cyrus guilty of the offense

charged in count five of the superceding indictment.  (Nov. 10, 2010, Judgment [doc. # 166]).

The court scheduled sentencing for February 7, 2011.  [doc. # 130].

Meanwhile, on October 26, 2010, the court received a letter personally written by Cyrus

and addressed to the undersigned magistrate judge, in which he asked to be released pending

sentencing so he could resume his job, commemorate his mother's passing, attend any surprise

birthday parties to be held in his honor, and to spend time with his grandchildren during

Christmas.  [doc. # 164].  Because, however, Cyrus was represented by counsel, the court

instructed counsel to discuss the letter with his client to determine whether an appropriate motion

should be filed.  (Nov. 9, 2010, Min. Entry [doc. # 165]).

On December 21, 2010, Cyrus, via counsel, filed the instant motion for temporary release

prior to sentencing so he can "secure his home and attend to other personal matters."  Defendant

filed the motion pursuant to 18 U.S.C. § 3143(a) and asserted that he was neither a flight risk, nor a danger to the community.

On December 22, 2010, the government filed an opposition to defendant's motion for pre-sentencing release. The government contends that Cyrus does not meet the requirements for release under 18 U.S.C. § 3143(a)(2). The matter is now before the court.

<u>Law and Analysis</u>

A defendant's right to pretrial release is mooted by his subsequent conviction on a guilty plea. *See United States v. O'Shaughnessy*, 772 F.2d 112, 113 (5th Cir. 1985); *United States v. Lee*, 2001 WL 1747632 (5th Cir. 2001) (unpubl.). Moreover, "whether a defendant should be released pending trial and whether a defendant should be released pending sentencing . . . are distinct inquiries governed by different provisions of the Bail Reform Act." *Lee, supra*. The latter (and current) inquiry is controlled by 18 U.S.C. § 3143(a), which provides that

> **(a) Release or detention pending sentence.--(1)** Except as provided in paragraph (2), the judicial officer shall order that a person who has been found guilty of an offense and who is awaiting imposition or execution of sentence, other than a person for whom the applicable guideline promulgated pursuant to 28 U.S.C. 994 does not recommend a term of imprisonment, be detained, unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c). If the judicial officer makes such a finding, such judicial officer shall order the release of the person in accordance with section 3142(b) or (c).

> **(2)** The judicial officer shall order that a person who has been found guilty of an offense in a case described in subparagraph (A), (B), or (C) of subsection (f)(1) of section 3142 and is awaiting imposition or execution of sentence be detained unless--

>> **(A)(I)** the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted; or

>> **(ii)** an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person; and

            **(B)** the judicial officer finds by clear and convincing evidence that
            the person is not likely to flee or pose a danger to any other person
            or the community.

18 U.S.C. § 3143(a).

*United States v. Carr*, 947 F.2d 1239, 1240 (5th Cir. 1991).

In this case, Cyrus pleaded guilty to a Controlled Substances Act violation, that includes a maximum term of imprisonment of ten years or more.[1] Thus, his detention is mandatory unless, *inter alia*, there is a substantial likelihood that a motion for acquittal or new trial will be granted or the government "has recommended" that no sentence of imprisonment be imposed. 18 U.S.C. § 3143(a)(2)(A).[2]

In his motion, defendant does not argue that he meets either basis for release. Indeed, having pleaded guilty, there is no substantial likelihood that a motion for acquittal or new trial will be granted. *United States v. Moffitt*, 527 F. Supp.2d 474, 478-479 (W.D. N.C. 2006). Moreover, the government has not recommended that Cyrus receive no sentence of imprisonment. (Gov.'t Opp. Memo., pg. 2). Accordingly, the court is required to detain Cyrus, regardless of whether he poses a risk of flight or danger to others or the community, and without the need for a hearing. *See* 18 U.S.C. § 3143(a)(2); *United States v. Miller*, 568 F. Supp.2d 764 (E. D. Ky. 2008) (court did not hold hearing or address the issues of risk of flight or dangerousness where defendant was unable to meet at least one of the conditions contained in

---

[1] Cyrus faces a maximum sentence of not more than 20 years. 21 U.S.C. § 841(b)(1)(C).

[2] Section 3143(a) "mandates . . . detention pending sentencing of persons convicted of Title 21 violations for which the maximum sentence is at least ten years when there is no showing that a motion for a new trial or acquittal will likely be granted." *United States v. Carr*, 947 F.2d 1239, 1240 (5th Cir. 1991). The fact that defendant might receive a term of imprisonment less than ten years is irrelevant. *Id*.

subsection 3143(a)(2)(A)(I) or (A)(ii)); *United States v. Rodriguez*, 539 F. Supp.2d 592, 599-600

(D. Conn. 2008) (court required to deny motion for release pending sentencing where defendant

failed to meet the requirements of either subsection 3143(a)(2)(A)(I) or 3143(a)(2)(A)(ii));

*Moffitt, supra* (where § 3143(a)(2)(A) cannot be satisfied, the court, as a matter of law, cannot

release defendant pending sentencing).[3]

For the foregoing reasons, the "Motion for Temporary Supervised Release Prior to

Sentencing" [doc. # 200] filed by defendant, David S. Cyrus, Jr., is hereby DENIED.

IT IS SO ORDERED.

THUS DONE AND SIGNED, in chambers, at Monroe, Louisiana, this 27th day of

December, 2010.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE

---

[3] Risk of flight and dangerousness could become relevant if defendant were to clearly demonstrate that there were "exceptional reasons" why his detention was inappropriate. *See* 18 U.S.C. § 3145(c); *Carr, supra* (holding that district court had authority to consider release under § 3145(c). However, defendant does not so contend here. Moreover, courts have held that "exceptional reasons" do not include the types of personal reasons advanced by defendant in support of his motion. *See Miller, supra* (and cases cited therein).